### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-24-130-SLP |
| ) | |
| JUAN HERNANDEZ-FLORES and ) | |
| JESSICA GUADALUPE MARTINEZ, ) | |
| ) | |
| Defendant. ) | |

### **O R D E R**

Before the Court are the Unopposed Motions for Severance of Defendants Juan Hernandez-Flores and Jessica Guadalupe Martinez [Doc. Nos. 241 and 246]. Although the Motions are separately filed, they are virtually identical. Defendants move for a severance pursuant to Rule 14 of the Federal Rules of Criminal Procedure. Defendants request a severance based on the alleged prejudicial effect of drug conspiracy and related evidence directed to charges brought against their co-defendants. *See* Superseding Indictment [Doc. No. 1]. Defendants are charged with money laundering conspiracy and other money laundering counts but they are not charged with drug conspiracy. *See id*.

Defendants filed the pending Motions on October 18, 2024. The docket call is set for October 23, 2024 and the jury trial is set on the November 6, 2024 docket.

On June 4, 2024, Defendants were arraigned. *See* Minute Entries [Doc. Nos. 39 and 44]. On June 25, 2024, pursuant to the parties' joint request, the Court entered a Scheduling Order [Doc. No. 174]. The Scheduling Order set September 8, 2024 as the deadline for "[m]otions seeking severance of defendants, or counts, under Rule 14"[.] *See id*.

Rule 12(c)(1) of the Federal Rules of Criminal Procedure, authorizes a district court to "set a deadline for the parties to make pretrial motions[.]"  A motion to sever under Rule 14 is one such pretrial motion.  *See* Fed. R. Crim. P. 12(b)(3)(D).  Rule 12 further provides that "[i]f a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely" but the court "may consider the . . . request if the party shows good cause."  Fed. R. Crim. P. Rule 12(c)(3).  A district court's decision to refuse to extend its deadline for pretrial motions is reviewed for abuse of discretion.  *United States v. Moya*, 5 F.4th 1168, 1195 (10th Cir. 2021).

Here, the Motions were filed more than one month after the deadline set by the Court and within nearly two weeks of the trial setting.  The Motions are utterly silent with respect to the filing deadline, failing to even acknowledge the Court's Scheduling Order.  Consequently, Defendants have failed to make any showing of good cause to warrant this Court's consideration of the untimely filing.[1]  Under these circumstances, Defendants' Motions are DENIED.

---

[1] Under Rule 12(c), "good cause" requires a two-part showing: (1) cause for the failure to raise the claim on time; and (2) prejudice resulting from the error.  *See, e.g., United States v. Hamett*, 535 F. Supp.3d 1133, 1138 (N.D. Okla. 2021).  Without expressly addressing the untimeliness of their Motions, Defendants state that discovery "has been difficult to navigate" and that "discovery is still outstanding."  *See* Doc. No. 241 at 5; Doc. No. 246 at 5.  Defendants' conclusory reference to discovery issues is insufficient to demonstrate cause as to why they did not timely file a motion to sever.  Nor can Defendants show prejudice.  Their loose assertion of "spillover prejudice" without more is unpersuasive.  *See, e.g., United States v. Jones*, 530 F.3d 1292, 1303 (10th Cir. 2008) ("As a general rule, neither 'a mere allegation that defendant would have a better chance of acquittal in a separate trial' nor an argument that evidence against one defendant would have a 'spillover effect' on another defendant demonstrates prejudice." (quoting *United States v. Small*, 423 F.3d 1164, 1182 (10th Cir. 2005)).

IT IS SO ORDERED this 18th day of October, 2024.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE